**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alvin Fred BUSS, Defendant–Appellant.**

**No. 90–8441**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 27, 1991.

Rehearing Denied April 29, 1991.

Michael G. Mullen, Brown, Maroney & Oaks Hartline, Austin, Tex. (court-appointed), for defendant-appellant.

LeRoy M. Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Alvin Fred Buss, a previously convicted felon,[1] was charged with making a false written statement in connection with the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a), and the illegal possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a). Buss pleaded guilty to illegally possessing a firearm in exchange for dismissal of the other charge. Buss was ordered to pay a $50 special assessment, and received a sentence of twelve months imprisonment followed by three years of supervised release. On appeal, Buss argues that the district court erred in both (1) refusing to reduce the base sentencing level by two levels for his acceptance of responsibility for the crime and (2) refusing to reduce the sentencing level by four levels because the firearms were possessed solely for sport or recreation purposes. We remand for the district court to clarify its application of the sport or recreation reduction and, if necessary, to resentence.

On July 15, 1989, Buss purchased a Taurus 9 millimeter caliber pistol and a Sturm Ruger .270 caliber rifle from McBride's Guns, Inc. in Austin, Texas. On the purchase application, Buss falsely stated that he had not been previously convicted of a felony offense punishable by imprisonment for a term exceeding one year. Pursuant to a federal search warrant, Buss's residence was searched and the Sturm Ruger rifle was discovered along with ten rounds of ammunition. Buss relinquished the Taurus pistol at his place of business where it was found loaded in a desk drawer in his office.

The probation officer set Buss's base offense level at nine and made no adjustments up or down. The probation officer did not find Buss accepted responsibility for his criminal conduct in light of his contentions that (1) he was not aware he could not possess a weapon; (2) the firearms were for hunting; and (3) the firearms were purchased by his wife as a birthday present. Responding to Buss's objection that he was entitled to a four-level reduction under the sport or recreation exception as it then appeared in Guideline § 2K2.1(b)(2), the probation officer's report stated that because Buss could not lawfully possess firearms, that exception did not apply. Buss received five criminal history points for a criminal history category III based on his 1976 and 1985 arrests. Buss's 1968 and 1972 convictions, as well as his 27 arrests and pending warrants against him were not used in the criminal history computations.

The district court's only comment on the arguments and testimony at the sentencing hearing, which reiterated Buss's assertions that the weapons were intended for sport, was:

> All right. After listening to the testimony presented to the Court, the Court is going to overrule the objections made by the Defendant to the presentence report. The Court adopts or accepts the applicable guidelines. Total offense level is nine; criminal history category, III: eight to fourteen months imprisonment; two to three years supervised release; if there is a fine, $1000 to $10,000 in fines; and fifty dollar special assessment fee.

The court then issued its sentence.

Buss argues first that the district court erred in denying him credit for acceptance of responsibility for the crime. In the Fifth Circuit, the standard of review of a district court's finding on whether a defendant has accepted responsibility for his crime is "more deferential than a pure clearly erroneous standard." *United States v. Fabregat,* 902 F.2d 331, 334 (5th Cir.1990); *United States v. Nevarez–Arreola,* 885 F.2d 243, 245 (5th Cir.1989). The district court must make the factual determination of the defendant's sincerity. *United States v. Thomas,* 870 F.2d 174,

---

1. In 1968, Buss pleaded guilty to burglary and probation was imposed and subsequently revoked. He was then sentenced to three years imprisonment. In 1972, Buss was convicted of theft and received a three year sentence. Buss was convicted again in 1976 of theft and received a ten year sentence. In 1985, Buss pleaded guilty to theft and was sentenced to one year of confinement. Buss has been arrested approximately 27 times dating back to 1963. There are two warrants pending against Buss for deceptive business practice.

176 (5th Cir.1989). Buss must establish that the district court's determination is clearly erroneous and "without foundation." *Id.* at 176–77. Furthermore, Buss bears the burden of demonstrating clearly an affirmative acceptance of personal responsibility for his conduct. *United States v. Fields,* 906 F.2d 139, 142 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 200, 112 L.Ed.2d 162 (1990).

Neither the probation officer nor the district court found that Buss accepted responsibility for his criminal conduct. The court's implicit credibility finding was plausible and not clearly erroneous: Buss was not entitled to be believed in his plea of ignorance of the firearm restriction, nor in his statements that his wife bought the weapons for him and that they were solely for recreational use.

■ More important, Buss argues that the district court erred in not reducing the sentence level because of the sport or recreation reduction then contained in § 2K2.1(b)(2):

(2) If the defendant obtained or possessed the firearm solely for sport or recreation, decrease by four levels.

The government, in response, contends that because Buss could not possess the guns lawfully, this subsection to the Guidelines is inapplicable. To adopt the government's interpretation would render a § 2K2.1(b)(2) a nullity, because the provision applies only to the receipt, possession, or transportation of firearms by "prohibited persons," or persons who could not lawfully possess them. The Application Note accompanying § 2K2.1(b)(2) does refer to "intended lawful use," but it seems relatively clear from the discussion in the Note that the drafters of the provision contemplated the lawfulness of the intended *use* as a factor separate from the lawfulness of the *possession* itself. As explained in the Note, a former felon who possesses a firearm for use in hunting does not raise the same concerns as one who possesses a firearm for use in future crimes.

The case cited by the government, *United States v. Pope,* 871 F.2d 506 (5th Cir. 1989), is distinguishable. The defendant in *Pope* was sentenced under § 2K2.2(b)(3), the provision applicable to the receipt, possession, or transportation of unregistered firearms. In addition to use for sport or recreation, § 2K2.2(b)(3) authorizes a reduction in sentence if the defendant intended to use the firearm for "collection." We held that the defendant, also a former felon, could not claim the benefit of the collection reduction because a former felon could not *legally* collect firearms. *Pope* is distinguishable from Buss's case because there the *use* was illegal; collection is little more than possession, and former felons cannot possess firearms. In contrast, if Buss really intended to use the firearms in his possession for recreation, the use would be legal even if the possession was not.

Our agreement with Buss's position concerning the availability of the former sport or recreation exception in this case does not end the matter, however. We do not know from his brief comments whether the district court refused to grant Buss the four-level reduction because he was misled into believing, via the presentence report, that it was not legally applicable, or whether he concluded factually that Buss did not possess the firearms solely for sport or recreation. If the court's sentence is based on the error of law, it must be vacated. *United States v. Barbontin,* 907 F.2d 1494, 1497 (5th Cir.1990). If the sentence was based on the factual determination, we would uphold it as not clearly erroneous.

Because of our uncertainty as to whether the court committed error in considering the application of § 2K2.1(b)(2), we must vacate and remand Buss's case. If the court sentenced under an error of law, it must resentence Buss; if it sentenced based on a factual determination, the sentence may be reimposed. The sentence is therefore affirmed in part and vacated and remanded in part. *Barbontin,* 907 F.2d at 1498.

AFFIRMED in part, VACATED and REMANDED in part.