UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony Nathaniel PRATOR, Defendant–Appellant.

No. 90–50463.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1991.

Decided July 29, 1991.

David McLane, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Walter F. Brown, Jr., Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

---

Before GOODWIN, PREGERSON and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Anthony Nathaniel Prator appeals from the sentence imposed by the district court following his plea of guilty to the crime of knowingly receiving a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, a violation of 18 U.S.C. § 922(g)(1).

Prator contends that the district court erred in concluding that the reduction authorized by section 2K2.1(b)(1) of the Sentencing Guidelines is unavailable to persons convicted of receiving a firearm after having been convicted of a crime punishable by imprisonment exceeding one year. We agree. We vacate and remand for a new sentencing proceeding.

I

The presentence report reflects that Prator stated that "he was under the assumption that he could purchase a firearm that was to be used for hunting." In a written objection to the presentence report, Prator requested a reduction in his base offense level from 12 to 6, pursuant to section 2K2.1(b)(1) of the Sentencing Guidelines, arguing that he received the firearm "solely for a lawful sporting purpose." After hearing argument on this issue, the district court denied Prator's request.

The district court held, as a matter of law, that section 2K2.1(b)(1) does not apply to felons who possess a firearm for a lawful purpose. The district court commented that "the intent of the section is to cover possession by persons other than felons who possess for a lawful purpose."

During the allocution, Prator stated to the court: "I realize that ignorance is no excuse, but when I did purchase the gun, it was for hunting purposes, and so ..." The district court then stated: "All right, is there anything on behalf of the Government?" "Any comments?" "Any argu-

ment?" It is not clear from the reporter's transcript whether Prator had completed his statement or whether the district court interrupted him.

The district court reduced the base offense level to 10 after crediting Prator with a 2–point reduction for acceptance of responsibility. Had the court reduced the base offense level to 6 and credited him with 2 points for acceptance of responsibility, the base offense level would have been at 4. The Sentencing Guideline range for level 4 is 6 to 12 months. United States Sentencing Commission, *Guidelines Manual*, Ch. 5, Pt. A (Nov.1990). The district court sentenced Prator to serve a term of imprisonment of 24 months.

II

Prator argues that the district court erred in ruling that felons who receive firearms are excluded from the provisions of section 2K2.1(b)(1). Section 2K2.1(a)(2) of the Sentencing Guidelines sets forth the base offense level for a conviction under 18 U.S.C. § 922(g)(1). That section reads as follows:

(a) Base Offense Level (Apply the greatest):

.    .    .    .    .

(2) 12, if the defendant is convicted under 18 U.S.C. § 922(g), (h), or (n); or if the defendant, at the time of the offense, had been convicted in any court of an offense punishable by imprisonment for a term exceeding one year....

As noted above, Prator pleaded guilty to receiving a firearm after having been convicted of an offense punishable by imprisonment exceeding one year, in violation of section 922(g)(1).

In section 2K2.1(b), the Sentencing Guidelines describe the specific offense characteristics applicable to persons who unlawfully receive firearms. "If the defendant obtained or possessed the firearm or ammunition for lawful sporting purposes or collection, decrease the offense level above to level 6." Section 2K2.1(b)(1).

Prator contends that "[t]here is nothing in the Guidelines that prevents the application of this special offense characteristic to felons." Appellant's Opening Brief at 10. The Government argues that the use of the word "lawful," before the phrase "sporting purposes or collection," indicates that the Sentencing Commission intended to deprive convicted felons of the reduction for sporting or collection purposes. The Government asserts that "[s]uch possession, regardless of the intended use, can *never* be lawful." Appellee's Brief at 7.

We review the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Uzelac*, 921 F.2d 204, 205 (9th Cir.1990).

The Government's argument confuses unlawful receipt or possession of a firearm with the intended use of the weapon. Section 922(g)(1) makes the act of receipt of a firearm by a felon a crime without regard to his motive for such possession. To obtain a conviction, the Government need not prove that the defendant intended to use the firearm for an illegal purpose.

In prescribing the punishment for a violation of section 922(g)(1), the Sentencing Commission established a base offense level of 12. The Sentencing Commission also concluded, however, that this punishment should be mitigated in those cases where the evidence shows that the felon received the firearm with the intent to use it solely for "lawful sporting purposes or collection." No reduction is available for a felon who intends to use the firearm to hunt illegally or to collect weapons whose possession is unlawful.

In determining that felons who illegally receive firearms are treated more leniently when their intended use is lawful, the Sentencing Commission was carrying out the Congressional mandate that its sentencing policies and practices should maintain "sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors." 28 U.S.C. § 991(b)(1)(B).

The commentary to section 2K2.1(b)(1) fully supports our view that the Sentencing Commission intended to reduce the punishment if the illegally possessed firearm was not intended to be used for criminal activities.

Under § 2K2.1(b)(1), intended lawful use, as determined by the surrounding circumstances provides a decrease in the offense level. Relevant circumstances include, among others, the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (*e.g.* whether involving firearms), and the extent to which possession was restricted by local law.

*Background:* Under current sentencing practices, there is substantial sentencing variation for these crimes. From the Commission's investigations, it appears that the variation is attributable primarily to the wide variety of circumstances under which these offenses occur. Apart from the nature of the defendant's criminal history, his *actual or intended use of the firearm is probably the most important factor in determining the sentence.*

Statistics show that sentences average two to three months lower if the firearm involved is a rifle or an unaltered shotgun. This may reflect the fact that these weapons tend to be more suitable than others for recreational activities. However, some rifles or shotguns may be possessed for criminal purposes, while some handguns may be suitable primarily for recreation. Therefore, the guideline is not based upon the type of firearm. *Intended lawful use, as determined by the surrounding circumstances, is a mitigating factor.*

U.S.S.G. § 2K2.1, comment. (n. 2 and backg'd.) (Nov. 1989) (emphasis added).

We find no support in section 2K2.1(b)(1), or in the Sentencing Commission's commentary, for the proposition that felons are not entitled to a reduction in the base offense level because it is a crime for them to possess a firearm. Section 922(g) also makes it a crime for fugitives from justice, controlled substance abusers, and mentally

defective persons to receive a firearm. Section 2K2.1(b)(2) reduces the offense level from 12 to 6 for *all* persons convicted of a violation of section 922(g). In mitigating the punishment, the Sentencing Commission did not discriminate against felons.

Our research did not disclose any decision construing the present text of section 2K2.1(b)(2). Prior to the 1989 amendment, section 2K2.1(b)(2) provided that: "If the defendant obtained or possessed the firearm solely for sport or recreation, decrease by 4 levels." U.S.S.G. § 2K2.1(b)(2) (Oct. 1987). In *United States v. Buss*, 928 F.2d 150 (5th Cir.1991), the Fifth Circuit held that section 2K2.1(b)(2), as it was worded prior to the 1989 amendment, was applicable to persons convicted of being felons in possession of a firearm. *Id.* at 152. The Fifth Circuit rejected the Government's argument that the guideline did not apply because Buss could not possess firearms lawfully. It reasoned that "[t]o adopt the government's interpretation would render [the reduction provision] a nullity, since the provision applies only to the receipt, possession, or transportation of firearms by 'prohibited persons,' or persons who could not lawfully possess them." *Id.* The analysis employed by the Fifth Circuit in *Buss* applies with equal force to section 2K2.1(b)(2), as amended in 1989. All persons who cannot lawfully possess a firearm are entitled to a reduction in punishment if their intended use is for "lawful sporting purposes or collection."

The sentence is VACATED. This matter is REMANDED for resentencing and a determination whether Prator received a firearm solely for lawful sporting purposes or collection.