**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frederick Raymond KELLER,**
**Defendant–Appellant.**

**No. 91–8196**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1991.

Stephen M. Orr, Austin, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, KING, and EMILIO M. GARZA, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of three counts of violating federal firearm statutes, 18 U.S.C. §§ 922(g)(1), 924(b), and 26 U.S.C. § 5861(d) and (i), Frederick Raymond Keller appeals his sentence. Finding no error we affirm.

### Background

In the course of executing a search warrant of Keller's residence, law enforcement officers found 16 firearms, 2 silencers, 39 live marihuana plants, plus cut marihuana and marihuana seeds. Keller ultimately was charged in a four-count indictment for being a felon in possession of a firearm, two counts of possessing unregistered silencers, and the use of a firearm during a drug transaction. The jury convicted Keller on the first three counts; Keller was found not guilty on the fourth.

In preparation for the imposition of sentence the Probation Office compiled a presentence report (PSR) which recommended a range of punishment under the 1987 version of the Guidelines. The revised 1990 Guidelines in effect at the time of sentencing would have led to a more severe sentence. The district court properly applied the Guidelines as they existed at the time of the subject criminal offenses and thereby avoided any suggestion of the imposition of an *ex post facto* sentence. *See United States v. Woolford*, 896 F.2d 99, 102 n. 4 (5th Cir.1990).

Under U.S.S.G. § 2K2.1 (1987), applicable to the possession by a felon count, Keller's offense level was 9. The guideline applicable to the silencer counts, section 2K2.2, led to an offense level of 16. Pursuant to the multiple count adjustment in section 3D1.4, Keller's offense level was increased by one, for a final computation of 17. His criminal history category of II resulted in an incarceration range of 27–33 months. The district court sentenced Keller to prison for 33 months and he timely appealed.

### Analysis

Although we accord no deference to legally incorrect applications of the Guidelines, we must defer to the trial court's credibility assessments and fact-findings. *United States v. Barbontin*, 907 F.2d 1494 (5th Cir.1990); *United States v. Pope*, 871 F.2d 506 (5th Cir.1989). Keller contends that the trial court erred by failing to allow a four-level reduction in his offense level for sport and recreational use of the firearm under section 2K2.1(b)(2), and the court erred for failing to depart downward for his diminished mental capacity, section 5K2.13, p.s.

Prior to sentencing, Keller urged that he was entitled to a six-level reduction under section 2K2.2(b)(3)[1] because the firearm was part of a collection used for sport or recreation. The probation officer concluded that the four-level reduction of section 2K2.1(b)(2)[2] would be more appropriate. During his closing remarks at the sentencing hearing defense counsel moved for "either a four or six-level adjustment as may be appropriate."

We conclude that both sections have applicability in the case at bar, section 2K2.1(b)(2) to the possession of firearms by a felon and section 2K2.2(b)(3) to the unregistered firearm counts. On appeal Keller presses for the four-count reduction under

---

1. Section 2K2.2 (1987) applies to "Receipt, Possession, or Transportation of Firearms and Other Weapons in Violation of National Firearms Act." Section 2K2.2(b)(3) provides that:

   If the defendant obtained or possessed the firearm solely for sport, recreation or collection, decrease by 6 levels.

2. Section 2K2.1 (1987) applies to "Receipt, Possession, or Transportation of Firearms and Other Weapons by Prohibited Persons." Section 2K2.1(b)(2) provides that:

   If the defendant obtained or possessed the firearm solely for sport or recreation, decrease by 4 levels.

section 2K2.1(b)(2). We therefore review his claim thereunder.

The district court denied the four-count reduction because Keller could not legally possess a gun collection due to his felon status. A convicted felon whose rights have not been restored by a pardon may not legally collect firearms. *Pope; United States v. Buss,* 928 F.2d 150 (5th Cir.1991). A felon may qualify, however, for a reduction in the offense-level computation under the sport and recreation umbrella. *Id.* Keller offered no evidentiary basis for application of that exception; his general objection claiming the reduction does not suffice. It is now an established rule in this circuit that one claiming a reduction in the offense level bears the burden of establishing entitlement. *United States v. Vela,* 927 F.2d 197 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 214, 116 L.Ed.2d 172 (1991); *United States v. Angulo,* 927 F.2d 202 (5th Cir.1991); *United States v. Alfaro,* 919 F.2d 962 (5th Cir. 1990). Keller did not acquit this burden. The district court was not bound to accept his bald assertions that he was entitled to the reduction. *United States v. Buenrostro,* 868 F.2d 135 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). Although Keller offered some evidence that he was a collector, at no time did he claim the sole use of the firearms was for sporting or recreational purposes. The trial court did not err in declining to allow this four-level reduction.

■ We next find no merit in Keller's contention that the sentencing judge erred by not departing downward because of his diminished mental capacity. This issue was discussed at the sentencing hearing. Keller's request that his sentence be vacated and the matter remanded for resentencing because the district court was not aware of its authority to depart downward finds little record support.

Generally, "[a] claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief." *Buenrostro,* 868 F.2d at 139. Nevertheless, a remand may be appropriate if the district court erroneously believed that it lacked authority to depart. *See United States v. Miller,* 903 F.2d 341, 349 n. 10 (5th Cir.1990).

"Mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guidelines." Section 5H1.3, p.s. However, the district court has discretion to lower a sentence if the defendant was suffering from a significantly reduced mental capacity which contributed to the commission of the offense. Section 5K2.13, p.s. Although these policy statements were not expressly mentioned at sentencing, we cannot conclude on the record that the district court was not fully aware of its power to depart from the guideline range based on reduced mental capacity.

In addressing Keller's request for the downward departure the court reviewed the relevant psychiatric reports and noted that they were inconclusive as to any clinical disorders. The court also referred to the probation officer's report that Keller's repeated reference to his illiteracy was motivated by a desire to avoid accountability for his behavior and actions. The court's comments reflect that it was not inclined to find as a factual matter that Keller was suffering from a significantly reduced mental capacity. We find nothing to suggest that the court was not aware of its authority to depart. To the very contrary; that the court heard argument on the matter and addressed the claim demonstrates its awareness of its authority to depart downward on that basis. This claim has no merit.

AFFIRMED.