**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafik H. SOLIMAN, Defendant–**
**Appellant.**

No. 91–2732
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1992.
Rehearing Denied March 12, 1992.

---

Stanley G. Schneider, Houston, Tex., for defendant-appellant.

James L. Turner, Paula C. Offenhauser, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, Chief Judge, KING, and EMILIO M. GARZA, Circuit Judges:

POLITZ, Chief Judge:

Having pleaded guilty to importing and receiving child pornography, sentenced to 12 months imprisonment with three years of supervised release, and fined $10,000, Rafik H. Soliman appeals, claiming that the trial court erred in refusing to make a downward departure from the sentencing guidelines based on his claimed significantly reduced mental capacity at the time of the offense. Finding no error, we affirm.

### Background

Soliman responded to video advertisements, covertly placed by the United States Customs Service and the Chicago Customs Office, and ordered a videocassette depicting child pornography. An undercover United States Customs Service representative delivered the film; a search of Soliman's home pursuant to a warrant resulted in seizure of a variety of pornographic materials, including two videocassettes and six magazines depicting prepubescent children in sexually explicit conduct.

Soliman pleaded guilty to one count of importing and receiving child pornography, 18 U.S.C. § 2252(a)(2). At the sentencing hearing both a treating psychologist and an examining psychiatrist testified that Soliman was suffering from depression. The psychologist, who began treating Soliman following his arrest, opined that even though Soliman was employed at the time of the offense his depression had significantly affected his ability to make decisions and contributed to his lack of judgment in placing the videocassette order. The district court declined a downward departure on the basis of significantly reduced mental capacity but sentenced Soliman at the lower end of the guideline range and recommended that he be placed in a sex-offender treatment program. Soliman timely appeals the court's refusal to make a downward departure.

### Analysis

Where, as here, the trial court has sentenced a defendant within the guideline range, appellate review is limited to determining whether the guidelines were correctly applied. United States Sentencing Commission, *Guidelines Manual*, intro. comment (Nov.1991). We make a *de novo* review of legal issues. *United States v.*

*Arellano–Rocha,* 946 F.2d 1105 (5th Cir. 1991). As a general rule, we will not disturb the sentencing court's discretionary decision not to depart downward from the guidelines. *United States v. Keller,* 947 F.2d 739 (5th Cir.1991), and *United States v. Hatchett,* 923 F.2d 369 (5th Cir.1991) (citing *United States v. Buenrostro,* 868 F.2d 135 (5th Cir.1989)). We need not give deference to the sentencing court's exercise of discretion, however, if the court mistakenly believed that departure was not permitted. Id.; *United States v. Miller,* 903 F.2d 341, 349 n. 10 (5th Cir.1990) (citations omitted). In reviewing a sentence we must accept findings of fact of the district court unless such findings are clearly erroneous. *United States v. Fields,* 906 F.2d 139 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 200, 112 L.Ed.2d 162 (1990).

■ Soliman maintains that the district court erred in failing to depart downward based on his depressed mental state at the time of the offense:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

U.S.S.G. § 5K2.13 (policy statement).[1] The defendant's significantly reduced mental capacity must be a contributing cause of the offense, but need not be the sole cause. *United States v. Ruklick,* 919 F.2d 95 (8th Cir.1990); *United States v. Speight,* 726 F.Supp. 861 (D.D.C.1989).

■ Soliman argues that the district court was bound by the definition of "significantly reduced mental capacity" provided by the testifying psychologist and psychiatrist. He also claims that the court was bound to give deference to his witnesses' evaluation of the effect of depression on his judgment at the time of the offense. Soliman asks that we adopt, by analogy, the deference that the United States Supreme Court has given to psychological experts in commitment proceeding cases. *See Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), and *Parham v. R.,* 442 U.S. 584, 609, 99 S.Ct. 2493, 2507–08, 61 L.Ed.2d 101 (1979) (discussing due process requirements in state commitment proceedings). Such an application is without precedent. *See e.g., Keller,* 947 F.2d at 741 (psychiatric reports *and* probation officer's report are among the appropriate sources to be considered by a district court in a section 5K2.13 p.s. analysis). The court in the case at bar specifically found that the mental condition described by Soliman's witnesses did not contribute to the commission of the crime, and that Soliman was not suffering from a significantly reduced mental capacity. The court stated:

> I don't see that ... this disorder could possibly have impaired him that much. I just don't see it, not a man who works at Brown and Root, is a good employee, writes articles for oil and gas journals, I mean, it just doesn't compute. The doctor can say he's got this disease, but I don't see that in this man. And that's my ruling, I just do not see that. I don't think I can downwardly depart. No matter how sorry I feel for him and his wife, I can't downwardly depart based upon his mental capacity. I can't do it.

The sentencing court had the power and duty to determine whether the mental condition described by the witnesses was a contributing cause of the crime. *Cf. Christophersen v. Allied–Signal Corp.,* 939 F.2d 1106 (5th Cir.1991) (discussing the Federal Rules of Evidence standard for judicial analysis of the methodology employed by an expert in connecting facts to conclusions). Upon finding that depression was not significantly causally linked to the offense, the court refused the requested downward departure.

---

**1.** It has been suggested that the Commission contemplates that a departure under this policy statement should result in probation without imprisonment. *See* T. Hutchinson & D. Yellen, *Federal Sentencing Law and Practice* 398 n. 2 (1989).

Soliman insists that the court's unduly restrictive definition of "significantly reduced mental capacity" led it to underestimate its power to make a downward departure. The court had the discretion to impose a sentence outside the range established by the applicable guideline if there existed "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b).[2] The court found, however, that such mitigating circumstances were not extant. We find neither error nor abuse of discretion.

The sentence of the district court is AFFIRMED.

---

**2.** The sentencing courts are not foreclosed from making departures provided the court articulates its reasons. Indeed, the United States Sentencing Commission anticipated the need for departures. *See Miller,* 903 F.2d at 349 n. 8. The Commission describes the significant role that sentencing courts will play in guideline amendments; "The Commission is a permanent body that can amend the guidelines each year. Although the data available to it, like all data, are imperfect, experience with the guidelines will lead to additional information and provide a firm empirical basis for consideration of revisions." United States Sentencing Commission, *Guidelines Manual,* intro. comment (Nov.1991). The Commission was granted permanent status precisely because the guideline-writing process is evolutionary and will change as the guidelines conform to, among other things, the pattern of district court departures. Id.; *see* Sen. Rep. No. 98–225, 98th Cong., 1st Sess., *reported in* 1984 U.S.Code Cong. & Admin.News 3182, 3261 ("[Section 3553] provides the flexibility necessary to assure adequate consideration of circumstances that might justify a sentence outside the guidelines."); *see also* A. Alschuler, *Departures and Plea Agreements Under the Sentencing Guidelines,* 117 F.R.D. 459 (reported remarks of November 5, 1987) ("[T]he Commission has recognized its inability adequately to consider many aggravating and mitigating circumstances.").