956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Deb TREGEAGLE, Defendant-Appellant.
 No. 91-4080.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Deb Tregeagle appeals his eighteen month sentence for the crime of being a felon in possession of a firearm, contending the district court failed to give him a six-level reduction in accordance with United States Sentencing Commission Guideline § 2K2.1(b)(2). Alternatively, he argues if the guideline was appropriately applied, it is unreasonable and in violation of the statutory mandate that guidelines include all circumstances of mitigation and aggravation. We affirm.
 
 
 3
 The facts are not in dispute. Mr. Tregeagle pled guilty to a one count indictment charging that, as a convicted felon, he possessed a handgun in violation of 18 U.S.C. § 922(g). In a written statement in advance of his plea of guilty (R.I, doc. 9), he stipulated to a number of facts: 1) that he was convicted of the crime of murder in the first degree and ultimately sentenced to life in prison in the State of California; 2) that while imprisoned on that charge he escaped, was caught, and then convicted of the crime of escape; 3) that subsequent to his parole from the State of California, he obtained a handgun from his eighteen year old nephew and sold it to a pawnbroker in Utah.
 
 
 4
 Mr. Tregeagle advised the district court that his only purpose in obtaining the weapon was to prevent his nephew from carrying out a threat to use the gun to commit a robbery or to commit suicide. The nephew confirmed that statement, and it remains undisputed in the record.
 
 
 5
 At sentencing, Mr. Tregeagle's counsel maintained defendant had a "lawful purpose" for possessing the weapon because his intent was to interdict an unlawful or undesirable event. He relied upon U.S.S.G. § 2K2.1(b)(2) which states, "If the defendant ... possessed ... firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms ... decrease the offense level ... to level 6." The district court ruled that because defendant had admitted his possession of the gun was unlawful, he was not entitled to the decrease in the offense level. This appeal followed.
 
 
 6
 In this court, defendant presents a slightly different argument. He contends § 2K2.1(b)(2) is ambiguous; therefore, the rule of lenity should apply, and he should have received the six-level reduction. We disagree with defendant's basic premise.
 
 
 7
 We see nothing ambiguous about the guideline. The plain language of the section limits the six-level reduction to felons who possessed a firearm for "lawful sporting purposes or collection." The phrase "lawful sporting purposes" is not the same as "lawful purposes." It is explicitly restrictive. Sports enthusiasts and collectors are the only people advantaged by a six-level reduction. The Commission did not chose to apply that mitigation to any other person, and it did not anticipate any other lawful purpose. We can see no reason to presume to the contrary. That interpretation is consistent with the conclusion reached by other courts. United States v. Cousens, 942 F.2d 800, 803 (1st Cir.1991); United States v. Prator, 939 F.2d 844, 846 (9th Cir.1991); United States v. Buss, 928 F.2d 150, 152 (5th Cir.1991); United States v. Wyckoff, 918 F.2d 925, 928 (11th Cir.1990); United States v. Wilson, 878 F.2d 921, 924 (6th Cir.1989); United States v. Smeathers, 884 F.2d 363 (8th Cir.1989).
 
 
 8
 Mr. Tregeagle relies upon Commentary 10 to § 2K2.1(b)(2) to suggest an ambiguity in the guideline, but we are not persuaded. Commentary 10 refers to "lawful sporting purposes" and not "lawful purposes." It does not suggest the Commission's intent in providing a six-level reduction was any broader than the guideline itself provides.
 
 
 9
 We are equally unpersuaded that the guideline is inconsistent with the statutory mandate. It would appear the Commission saw no situation in which the possession of a firearm by a felon could not be harmful. That it perceived only two situations, both facially benign, in which possession of a firearm by a felon could be mitigated does not indicate the Commission failed in its duty.
 
 
 10
 Indeed, the rare and remarkable situation presented by this case is one which could have been dealt with by a downward departure. The district court was not asked to depart, and it did not do so. From the record, however, we assume because of remarks made by the court at sentencing departure would not have been granted. The mandate shall issue forthwith.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3