980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hunter HARDRICK, Defendant-Appellant.
 No. 92-1266.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Hunter Hardrick appeals the sentence imposed pursuant to his guilty plea to possession of a firearm by a felon and making a false statement regarding the purchase of a firearm. Because the district court may have applied the United States Sentencing Commission's Guidelines Manual, § 2K2.1(b)(1) (Nov. 1991) [hereinafter U.S.S.G.] incorrectly, we reverse and remand for resentencing in accordance with this opinion.
 
 I.
 
 2
 On November 8, 1990, the Detroit police stopped Hardrick after they observed him loading two gun cases into the back of his vehicle. The gun cases contained two semiautomatic rifles. Five-, ten- and twenty-round clips were found with one of the rifles. A thirty-round magazine was attached to the other weapon. Hardrick admitted the weapons were his. The weapons were not loaded and there was no ammunition in the vehicle. Hardrick claims he was transporting the rifles to the gunsmith for cleaning and sighting in preparation for hunting season.
 
 
 3
 Later that same day, Hardrick made a written statement to agents of the Bureau of Alcohol, Tobacco and Firearms ("ATF") admitting to being a convicted felon. He was convicted in August 1986 of carrying a concealed weapon. Hardrick was still on probation from this previous conviction at the time of the instant offense. Hardrick also admitted on the written statement to having lied about his status as a convicted felon on thirteen firearm purchase forms, called ATF questionnaires, during the previous fourteen months. Hardrick purchased thirteen handguns, which he resold to a dealer at a gun show, with these forms.
 
 
 4
 On March 20, 1992, Hardrick was charged in an indictment with being a felon in possession of a firearm (Count I) and making a false statement in connection with a firearm acquisition (Counts II-XIV) in violation of 18 U.S.C. §§ 922(g)(1) and (a)(6) (1988), respectively.
 
 
 5
 On September 18, 1992, Hardrick pled guilty to all counts pursuant to a plea agreement. The agreement specifically reserved the issue of whether Hardrick was entitled to a reduction in his sentencing guideline offense level for possession solely for sport or collection purposes pursuant to U.S.S.G. § 2K2.1(b)(1).
 
 
 6
 Prior to sentencing, Hardrick filed a Sentencing Memorandum urging the court to apply the sport/collection adjustment. To meet his burden of showing by a preponderance of the evidence why the adjustment should apply, Hardrick provided hunting licenses and stickers for the years 1986, 1987, 1989, and 1990; letters from several hunting companions; and a photograph of himself and others on a hunting trip and armed with both handguns and semi-automatic weapons. Hardrick also maintained that there was no evidence to suggest that he had used the weapons for any purpose other than hunting.
 
 
 7
 In its response, the government noted that the express language of § 2K2.1(b)(1) required Hardrick to show that he possessed the rifles solely for sporting purposes. The government contended Hardrick had not met this burden because: (1) the rifles were seized before hunting season; (2) the rifles were not typical hunting weapons, but military-style assault rifles, and were illegal under Michigan regulations; (3) Hardrick's prior conviction for carrying a concealed weapon indicated that he was a person who did not use guns solely for hunting; and (4) Hardrick's false statements on the forms to purchase firearms belied his contention that he possessed the instant weapons solely for sport.
 
 
 8
 The government maintained that the rifles were illegal in (2), above, based on an order promulgated by the Michigan Department of Natural Resources in 1989 pursuant to Michigan's Wildlife Conservation Act, Mich.Comp.Laws § 300.258(4) (Supp.1992). This order prohibits a hunter from using any "semi-automatic shotgun or rifle ... capable of holding more than 6 shells at 1 time in the magazine and barrel combined ..." to take an animal, or from even having such a weapon in the hunter's possession "in an area frequented by animals." Wildlife Conservation Act Commission Order, ch. 2, § 2.1(2) (amended effective September 1, 1989).
 
 
 9
 As a counter to the government's second contention, Hardrick pointed out that he specially manufactured the five-round clip found with the weapons in order to comply with the regulation, and that the larger magazines came with the rifles from the manufacturer.
 
 
 10
 At sentencing, the court, District Judge Taylor, found that Hardrick had not established by a preponderance of the evidence that he possessed the rifles solely for sporting purposes. In reaching its conclusion, the court relied on the government's argument generally, Hardrick's false statements on the firearms purchase forms as indicating that he intended improper use, on its determination that the weapon was not a lawful sporting weapon appropriate to be used by a sportsman, and on its determination that the presence of such weapons "in our city is a scourge." J.A. at 200.
 
 
 11
 The court then sentenced Hardrick to a term of fourteen months on each count, with the sentences to run concurrently. Although the government did not oppose voluntary surrender, the court revoked Hardrick's bond and he was taken into custody immediately. Hardrick then filed his timely notice of appeal on March 2, 1992.
 
 
 12
 Hardrick filed his Motion for Bond Pending Appeal on March 6, 1992. Argument on the motion was held on May 11, 1992. Hardrick's counsel argued that a legitimate issue was being raised on appeal and that Hardrick would likely serve in excess of his sentence prior to decision on appeal if bond were not granted and the appeal was successful. The defense also contended that Hardrick was neither dangerous to the community nor a risk of flight. In response to the court's concern about Hardrick's dangerousness because of his possession of a semi-automatic weapon, the defense introduced a manual for the rifles indicating that they were, in fact, designed for sporting use. The government opposed bond pending appeal, arguing that Hardrick did not raise a legitimate issue for appeal. It also contended that Hardrick presented a danger to the community due to his possession of firearms.
 
 
 13
 The court granted Hardrick's motion, concluding that there was a question of law to be raised on appeal. Judge Taylor noted that she was unaware that the government had changed its position concerning the legal availability of the sport/collection adjustment to individuals charged with being a felon in possession of a firearm. She noted that the government previously argued that the adjustment was not available as a matter of law, but now was contending that it may be available in an appropriate situation. Judge Taylor also indicated that there was a legitimate factual issue about the sporting use of the firearms possessed by Hardrick.
 
 II.
 
 14
 Hardrick argues that the district court erred as both a matter of law and fact in refusing to apply the "sport/collection" adjustment under U.S.S.G. § 2K2.1(b)(1). That section provides for a reduction of the offense level to level six if the defendant obtained or possessed the firearm or ammunition solely for lawful sporting purposes or collection.
 
 
 15
 Hardrick admits that the trial court's stated basis for denying application of the adjustment at the time of sentencing appears to be factual. However, he contends that Judge Taylor revealed another, previously unmentioned, legal rationale for the denial when she granted the bond motion. At that hearing, the court referred to its reliance on its belief that, as a matter of law, the sport/collection adjustment could never be available to the defendant who is a felon in possession of a firearm, as another basis for its denial of the adjustment to Hardrick. The transcript also shows that the judge questioned her factual finding that Hardrick's rifles were not sporting weapons:
 
 
 16
 Also, there is a substantial question, I was not aware that the government has changed its position, and the Probation Department has changed its position on the basic legal question here of felons in possession of firearm, and there is a fact question, I suppose, on which the Court could be wrong concerning the use of these weapons, the potential for use of these weapons.
 
 
 17
 J.A. at 217. Judge Taylor granted Hardrick's bond motion based on her belief that these were substantial legal and factual questions on which Hardrick might prevail on appeal.
 
 
 18
 The government disputes Hardrick's view of the case, maintaining that the sole issue on this appeal is factual: whether the district judge clearly erred in finding that Hardrick had failed to carry his burden of establishing that he had purchased and used the two rifles solely for lawful sporting purposes. The government points out that it never argued that the sport/collection adjustment could not apply to felons in possession.
 
 
 19
 In reviewing a sentence imposed pursuant to the sentencing guidelines, a district court's factual findings will be accepted unless they are clearly erroneous, United States v. Luster, 889 F.2d 1523, 1525 (6th Cir.1989), and we give "due deference" to the sentencing court's application of the guidelines to the facts, 18 U.S.C. § 3742(e) (1988). The district court's legal holdings are subject to de novo review, however. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991).
 
 
 20
 Based on the court's comments at the bond hearing, the court may have concluded that § 2K2.1(b)(1) could never be applied to a felon like Hardrick and as such, may have merely proceeded to make a factual finding that the adjustment was not applicable to Hardrick as a mere formality. Because of the court's comments at the bond hearing, we treat the court's determination of the applicability of § 2K2.1(b)(1) to Hardrick as having involved both a factual finding and a legal determination. We will review the court's legal interpretation of § 2K2.1(b)(1) de novo.
 
 
 21
 In United States v. Kaplan, No. 91-2003, 1992 WL 168100, 1992 U.S. App. LEXIS 17378, at * 27 (6th Cir. July 17, 1992), we held that the sport/collection adjustment, § 2K2.1(b)(1), can be applied to felon in possession of firearm cases where it is factually appropriate.[1] See also United States v. Prator, 939 F.2d 844, 845-47 (9th Cir.1991). We reaffirm our belief that, in the appropriate case, § 2K2.1(b)(1) may be used to adjust a defendant's sentence downward even though he is a felon in possession of a firearm or ammunition. As is stated in Application Note 10 to this guideline, whether the defendant possessed the firearms and ammunition solely for "lawful sporting purposes and collection" is determined by the relevant surrounding circumstances including the number and type of firearms, and amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history, and the extent to which possession was restricted by local law.
 
 
 22
 To the extent that the district court relied on its belief that, as a matter of law, the sport/collection adjustment could never be available to a felon in possession of a firearm, the district court erred in its sentencing of Hardrick. Because it is unclear whether the court actually relied on an erroneous conclusion of law in sentencing Hardrick, we remand this case for resentencing in accordance with this opinion.
 
 
 23
 SILER, Circuit Judge, dissenting.
 
 
 24
 I respectfully dissent. At the sentencing hearing, the district court found that the defendant had not established by a preponderance of the evidence that he possessed the firearms solely for lawful sporting purposes or collection, as required under U.S.S.G. § 2K2.1(b)(1). The prosecution did not assert, nor did the court find, that such a defense was not allowable for convictions under 18 U.S.C. §§ 922(g)(1), (a)(6).
 
 
 25
 Although the same judge in United States v. Kaplan, 972 F.2d 349 (6th Cir.1992), found that this defense under U.S.S.G. § 2K2.1(b)(1) was not applicable to a conviction for being a felon in possession of a firearm, there is nothing in the sentencing record which would indicate that the court relied upon such a finding in this case. Instead, the court based its denial for the two point reduction on several facts. First, the defendant had made false statements to purchase thirteen pistols. Second, the court found that the rifles in his vehicle had magazines which were illegal for hunting purposes in Michigan. The prosecution had argued that the large capacity magazines and the type of semiautomatic rifles proved that these were not to be used solely for lawful sporting purposes. These were factual determinations made by the court, and I do not find that they are clearly erroneous.
 
 
 26
 It is true that at the time of the bond hearing, subsequent to the sentencing, the court stated:
 
 
 27
 I was not aware that the government has changed its position, and the Probation Department has changed its position on a basic legal question here of felons in possession of firearm, and there is a fact question, I suppose, on which the Court could be wrong concerning the use of these weapons, the potential for use of these weapons.
 
 
 28
 Nevertheless, I do not think that this in anyway shows that the court was concluding that the defense under U.S.S.G. § 2K2.1(b)(1) was unavailable for such a conviction, as the court found that there was a fact question upon which the court could have erred.
 
 
 29
 Therefore, I would not infer any legal conclusion that the court has not declared. Thus, I would affirm the judgment of the district court.
 
 
 
 [1]
 We note that Judge Taylor was also the sentencing judge in Kaplan. In that case, she determined that a felon in possession of a firearm could never receive the benefit of § 2K2.1(b)(1). Because we decided Kaplan after she sentenced Hardrick, she may have sentenced Hardrick under the same erroneous assumption