United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2006**

Charles R. Fulbruge III
Clerk

REVISED APRIL 25, 2006

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40950

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR M. GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

Before JONES, Chief Judge, WIENER and PRADO, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant Victor M. Gonzalez pleaded guilty to knowingly possessing a computer containing ten or more images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). Based on the timing of his offense, the district court sentenced Gonzalez in accordance with the 2002 Sentencing Manual, as amended in April 2003.[1] Gonzalez's base offense level under U.S.S.G. § 2G2.4(a) was 15, and the presentence report ("PSR") calculated a total offense level of 27 after various enhancements. Among the sentencing enhancements recommended in the

---

[1] Gonzalez was indicted by the grand jury on May 13, 2004, pleaded guilty on March 8, 2005, and was sentenced on June 10, 2005.

PSR were (1) a <u>two-level enhancement</u> under § 2G2.4(b)(2) <u>for possession of ten or more items</u> depicting the sexual exploitation of minors, and (2) a <u>five-level enhancement</u> under § 2G2.4(b)(5) <u>because the offense involved 600 or more images</u>. Combined with a criminal history category of I, Gonzalez's total offense level of 27 resulted in a Guideline imprisonment range of 70 to 87 months. The district court adopted the PSR and sentenced Gonzalez to 87 months' imprisonment. It also ordered a lifetime term of supervised release — the statutory maximum and an upward departure from the Guidelines term of three years — as recommended by the PSR. This appeal followed.

I. STANDARD OF REVIEW

We review the district court's interpretation and application of the Sentencing Guidelines <u>de novo</u> and its factual findings for clear error.[2] We review upward departures in sentencing for reasonableness, which requires us to review "the district court's decision to depart upwardly and the extent of that departure for abuse of discretion."[3]

II. ANALYSIS

A. Double Counting for Number of Images

---

[2] <u>United States v. Villanueva</u>, 408 F.3d 193, 202-03 (5th Cir. 2005).

[3] <u>United States v. Saldana</u>, 427 F.3d 298, 308 (5th Cir. 2005) (citations omitted).

Gonzalez's offense level was increased twice on the basis of the number of child pornography images he possessed:  a two-level enhancement under § 2G2.4(b)(2) for possession of "ten or more" such images[4] and a five-level enhancement under § 2G2.4(b)(5) for possession of "600 or more" images.[5]  The latter provision, § 2G2.4(b)(5), was enacted in the 2003 PROTECT Act, which failed to address, and thus left undisturbed, its predecessor from 1991, § 2G2.4(b)(2).  At least technically, then, the two provisions were "on the books" at the time of Gonzalez's offense and at the time he was sentenced, while the 2002 edition of the Sentencing Manual was in effect.

We are satisfied that the PROTECT Act, which became effective on April 30, 2003, and includes the new, graduated scale of enhancements inserted as § 2G2.4(b)(5) of the Guidelines, superseded § 2G2.4(b)(2).  There is a distinguishing difference between the routine tweakings of the Guidelines scheme by the Sentencing Commission acting on its own and changes expressly wrought by a direct congressional amendment with an effective date

---

[4] U.S.S.G. § 2G2.4(b)(2), adopted by Congress in 1991, directed an increase of two levels "[i]f the offense involved possessing ten or more books, magazines, periodicals, films, videotapes, or other items, containing a visual depiction involving the sexual exploitation of a minor ...."

[5] § 2G2.4(b)(5), effective April 30, 2003, comprises a graduated schedule of enhancements based on the number of images involved: (A) If at least 10 but fewer than 150, increase by 2 levels; (B) at least 150 but fewer than 300, 3 levels; (C) at least 300 but fewer than 600, 4 levels; (D) 600 or more, 5 levels.

set by Congress. And, the Sentencing Commission itself subsequently recognized that the PROTECT Act's insertion of § 2G2.4(b)(5) "superceded" § 2G2.4(b)(2).[6]

From the effective date of the PROTECT Act forward, therefore, only the graduated scale of § 2G2.4(b)(5) applied, mandating in Gonzalez's case only a single, five-level enhancement. We thus conclude that the district court erred as a matter of law in cumulatively applying both the two-level enhancement under the superseded provision of § 2G2.4(b)(2) and the five-level enhancement under § 2G2.4(b)(5)(D), which superseded it.[7]

_____

[6] Effective November 1, 2004, after Gonzalez was sentenced, the Sentencing Commission eliminated the apparently inadvertent coexistence of the two provisions by excising § 2G2.4(b)(2) from the Guidelines, and clarifying that

> The PROTECT Act directly amended §§ 2G2.2 and 2G2.4 to create a specific offense characteristic related to the number of child pornography images. That specific offense characteristic provides a graduated enhancement of two to five levels, depending on the number of images. ... Because the image specific offense characteristic created directly by Congress in the PROTECT Act essentially <u>supersedes</u> an earlier directive regarding a specific offense characteristic relating to the number of items (see Pub. L. 102-141 and Amendment 436), the Commission deleted the specific offense characteristic for possessing ten or more child pornography items (formerly § 2G2.4(b)(3)).

U.S.S.G. app. C (hereafter, "Amendment 664") (emphasis added).

[7] We are aware of the Eleventh Circuit's decision in <u>United States v. Lebovitz</u>, 401 F.3d 1263 (11th Cir. 2005), which in rejecting the "double counting" argument, stated that "[t]here is no evidence at all that Congress meant to repeal § 2G2.4(b)(2) when it enacted § 2G2.4(b)(5)(D)," 401 F.3d at 1272. We find that decision unpersuasive, particularly given that court's failure to consider Amendment 664 at all in reaching its

4

B. Lifetime Term of Supervised Release

In departing upward to the statutory maximum lifetime term of supervised release, the district court followed the recommendation of U.S.S.G. § 5D1.2 pertaining to "sex offense[s]."[8]  Gonzalez challenges this upward departure, arguing that (1) § 5D1.2 does not apply because the offense of which he was convicted is not a "sex offense," (2) the court failed to include specific reasons for the upward departure in the judgment, as required by 18 U.S.C. § 3553(c)(2), and (3) the extent of the upward departure was unreasonable.

1. Violation of § 2252A Is A "Sex Offense"

For purposes of the recommended upward departure under U.S.S.G. § 5D1.2, a "sex offense" is "an offense, perpetrated against a minor ...."[9]  Gonzalez contends that mere consumption — as opposed to production — of child pornography does not qualify because it is not an offense perpetrated directly against a minor. We recognize no such fine distinction.  In fact, we have previously rejected the argument that the consumption of child pornography is only an indirect offense, observing that "there is no sense in distinguishing ... between the producers and the consumers of child

conclusion.

[8] § 5D1.2(c) provided: "(Policy Statement) If the instant offense of conviction is a sex offense, the statutory maximum term of supervised release is recommended."  U.S.S.G. § 5D1.2(c) (2002).

[9] Id. cmt. n.1.

5

pornography.  Neither could exist without the other.  The consumers of child pornography therefore victimize the children ... by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects."[10]  Gonzalez's possession of child pornography in violation of 18 U.S.C. § 2252A is a "sex offense" within the meaning of U.S.S.G. § 5D1.2, qualifying him for upward departure.[11]  In addition, our holding that Gonzalez's offense is a "sex offense" and is therefore covered by § 5D1.2 nullifies his argument that he did not receive the notice required by FED. R. CRIM. P. 32(h), as the PSR directly cited § 5D1.2 in recommending an upward departure.[12]

2. Statement of Specific Reasons for Sentence

Gonzalez complains that the district court failed to state, either in its written order or in open court, specific reasons for imposing a sentence outside the Guidelines range, as required by 18 U.S.C. § 3553(c)(2).[13]  This contention is meritless.  The district

---

[10] United States v. Norris, 159 F.3d 926, 930 (5th Cir. 1998).

[11] The Tenth Circuit has also so held.  See United States v. Kimler, 335 F.3d 1132, 1147 (10th Cir. 2003).

[12] See United States v. Davenport, 286 F.3d 217, 219 (5th Cir. 2002) (holding separate notice of intent to depart unnecessary where grounds for departure stated in PSR); FED. R. CRIM. P. 32(h).

[13] 18 U.S.C. § 3553(c)(2) provides in relevant part: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if

6

court provided written reasons for its departure in its "Statement of Reasons" filed with the written judgment. The court stated, under the heading "DEPARTURE," that

> [T]he Court departs upward to life, as provided by statute and encouraged under the policy statement at U.S.S.G. § 5D1.2(c). The Court finds a supervised release term of life will benefit society and reflects the Court's experience that persons rarely get better in these types of cases. The Court must ensure the defendant cannot continue to create a lifeline to this type of industry.[14]

The district court also explained, in open court, that

> This Court's experience with these sorts of folks is that they never get better. Sex offenders have the lowest rate of recovery and the highest rate of recidivism of any criminal defendant. This is an addiction that is almost impossible to overcome. And I think for the benefit of society and for the benefit of the protection of those who are victimized by these sorts of crimes to prevent this individual being a proven consumer of this creating a lifeline, as it were, to this kind of insidious industry requires a lifetime of supervision.
>   On that basis and because I think it's justified under the facts and the applicable law, I'm varying to provide life supervision.

The district court's statements, made both orally in open court and in writing in its Statement of Reasons, satisfied the requirements of § 3553(c)(2).

3. The Extent of the Upward Departure Was Not Unreasonable

---

the sentence ... is outside the [Guidelines] range, ... the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment ...."

[14] Statement of Reasons at 2 (sealed).

The extent of the departure in Gonzalez's term of supervised release — from the Guidelines term of three years to the statutory maximum term of life — was within the district court's discretion and was not unreasonable.  "A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by 18 U.S.C. § 3553(b); and (3) are justified by the facts of the case."[15]  The district court's stated reasons for upward departure satisfy these requirements.  As already noted, the court expressly adopted  the § 5D1.2 policy statement recommended by the PSR.  At sentencing and in its Statement of Reasons, the court addressed the nature and circumstances of the offense, including specifically the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.[16]  Further, the court at sentencing stated its view that life supervision was "justified under the facts and applicable law."  The extent of the upward departure in Gonzalez's term of supervised release was not an abuse of discretion and was not unreasonable.

III. CONCLUSION

---

[15] Saldana, 427 F.3d at 310 (citing 18 U.S.C. § 3742(j)(1)).

[16] See 18 U.S.C. § 3553(b) (listing factors to be considered in imposing a sentence).

Gonzalez's lifetime term of supervised release was not unreasonable. The district court erred as a matter of law, however, in applying the two-level enhancement under § 2G2.4(b)(2), which, prior to sentencing, was superseded by a specific provision of the PROTECT Act of 2003. The court should have applied only the five-level enhancement under the graduated scale of § 2G2.4(b)(5)(D). We therefore vacate Gonzalez's sentence and remand for resentencing.

SENTENCE VACATED and CASE REMANDED for resentencing.

I:\AIMS\FORMS\05\05-40950\5432009\05-40950-CR0.wpd

4/25/06  1:42 pm