United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-30616

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RONALD M. LELEAUX, JR.,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Middle District of Louisiana
(3:05-CR-195-1)**

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ronald Leleaux, Jr., appeals the sentence imposed following his guilty-plea conviction for knowingly possessing a firearm after having been convicted previously.  He contends the district court: improperly refused to reduce his offense level pursuant to advisory Sentencing Guidelines § 2K2.1(b)(2) (decreasing offense level to six if firearm possession was solely for lawful sporting purposes or collection); and, in upwardly departing from his offense level,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

failed to properly apply 18 U.S.C. § 3553 (stating sentencing factors). **AFFIRMED.**

                                    I.

In March 2005, Leleaux pawned a Mossberg 16 gauge shotgun. The resulting criminal-history check revealed he had several domestic-violence convictions and was therefore prohibited from possessing the firearm.

Leleaux pleaded guilty to one count of knowingly possessing a firearm, after having been convicted previously of a misdemeanor domestic-violence crime, in violation of 18 U.S.C. § 922(g)(9). The pre-sentence investigation report (PSR) recommended a base-offense level of 14, pursuant to Guidelines § 2K2.1(a)(6), less a two-level acceptance-of-responsibility reduction. Based on Leleaux's numerous prior convictions, the PSR recommended 18 criminal-history points, resulting in a criminal-history category of VI. Leleaux's resulting recommended guidelines range was 30 to 37 months. The PSR also stated Leleaux had approximately 15 convictions for which no criminal-history points were assigned and numerous arrests.

Before sentencing, the district court notified Leleaux it intended to depart upward under Guidelines § 4A1.3(a) because reliable information suggested he had an under-represented criminal history and a likelihood of recidivism, due to his having five more

                                    2

than the 13 criminal-history points required for Category VI. Leleaux objected to the court's intention to depart upward.

In addition, Leleaux objected to his base-offense level, claiming it should be six, rather than 14, pursuant to Guidelines § 2K2.1(b)(2), because the shotgun belonged to his deceased father and was a family heirloom used only for hunting. He claimed: approximately two weeks before he pawned the shotgun, he had moved in with his father shortly before he died and found the shotgun while cleaning a closet. His stated reasons for pawning it are discussed *infra*.

The court denied both objections. Using the next higher offense level in criminal-history category VI, pursuant to Guidelines § 4A1.3(a)(4)(B), it sentenced Leleaux to 41-months imprisonment.

## II.

Post-**Booker**, the district court's interpretation and application of the now-advisory Guidelines are reviewed *de novo*; its factual determinations for clear error. *E.g.*, **United States v. Charon**, 442 F.3d 881, 887 (5th Cir.), *cert. denied*, 127 S. Ct. 260 (2006). Sentences are reviewed for reasonableness. *E.g.*, **United States v. Scroggins**, 485 F.3d 824, 835 (5th Cir. 2007). If within a properly calculated Guidelines range, a sentence is afforded a rebuttable presumption of reasonableness, and we will infer the district judge considered all of the Guidelines factors. **Id.**

3

A.

Guidelines § 2K2.1(b)(2) provides for an offense-level reduction to six if a defendant "possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition". The district court refused to apply the reduction, evidently because it believed: the section did *not* apply simply because Leleaux's father, and not Leleaux, used the firearm for hunting and considered it an heirloom worthy of collection; and Leleaux's pawning the firearm belied his claimed interest in furthering his family's collection of it.

In claiming the district court erred in declining to apply this reduction, Leleaux maintains the shotgun was a family heirloom belonging to his father and was owned for the purpose of hunting. At sentencing, he claimed he pawned it, and gave the ticket to his sister, because she was unable to pick up it up from their father's house, and he wanted to have it removed for personal safety reasons while he was grieving. The Government responds that, while affidavits show Leleaux's father owned the shotgun for sporting purposes and it was an heirloom, Leleaux did *not* establish he possessed the firearm solely for such reasons.

There is no indication the district court did not accept the evidence showing Leleaux's actual possession consisted solely of his pawning the shotgun, which was an heirloom owned by his father,

4

who used it solely for sporting purposes.  Accordingly, whether Leleaux was entitled to the offense-level reduction involves "application of the facts to the guidelines", which "is a question of law subject to *de novo* review".  *United States v. Shell*, 972 F.2d 548, 550 (5th Cir. 1992).

"A felon 'claiming a reduction in the offense level [under § 2K2.1(b)(2)] bears the burden of establishing entitlement' by a preponderance of the evidence."  *Id.* (alteration in original) (quoting *United States v. Keller*, 947 F.2d 739, 741 (5th Cir. 1991)).  The commentary to § 2K2.1(b)(2) states that whether the firearm was used for "lawful sporting purposes or collection" is to be

> determined by the surrounding circumstances ... includ[ing] the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (*e.g.*, prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law.

U.S.S.G. § 2K2.1(b)(2), cmt. n.7 (2005).

Our court has held the availability of the reduction does "not turn on the axiomatic truism that a felon can never lawfully possess a firearm" because "[t]he entire reduction provision would clearly be subsumed in such a proposition".  *Shell*, 972 F.2d at 552.  Instead, and in accordance with the Guideline's commentary, "the availability of the reduction turns on the purpose or use for

5

which the firearm is acquired or possessed *and* the lawfulness of such use if it were to be exercised by a citizen not under any legal disability — *lawful* hunting, *lawful* target practice, or *lawful* gun collecting". ***Id.*** (emphasis in original). As discussed, even if Leleaux possessed the firearm for lawful sporting or collection purposes, he is not protected from criminal liability for illegal possession. On the other hand, such circumstances can be a mitigating factor in determining his sentence under the advisory Guidelines.

As an initial matter, Leleaux does not contend he used the firearm for his collecting or sporting purposes; however, the Guideline does not, on its face, require him to do so. We assume *arguendo* he can rely on the shotgun's being used for sporting and collection generally. Restated, we assume *arguendo* Guidelines § 2K2.1(b)(2) requires Leleaux to show, at least, that his act of possession was solely for the sporting or collection purposes of some other person. *See **United States v. Mojica***, 214 F.3d 1169, 1172-73 (10th Cir. 2000).

Other circuits' application of § 2K2.1(b)(2) when, as here, the defendant did not own the firearm and the only evidence of actual possession occurred as he was disposing of it, has depended on the circumstances of the possession, as the Guideline's commentary directs. ***United States v. Caldwell***, 431 F.3d 795 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1665 (2006), upheld the

district court's rejection of a § 2K2.1(b)(2) reduction where the defendant pawned his brother's sporting rifle upon finding it in their residence. The court noted the district court found unconvincing the defendant's asserted belief that he was complying with the law by pawning the firearm, given that he never gave the pawn ticket or money to his brother or made other attempts to have the rifle removed from the house. *Id.* at 800. In contrast, *Mojica*, 214 F.3d 1169, held the § 2K2.1(b)(2) reduction could apply when the only evidence of the defendant's possession was his returning to its owner a shotgun borrowed by a housemate for lawful sporting purposes.

To determine whether Leleaux demonstrated, by a preponderance of the evidence, that the reduction should have been given, we consider the surrounding circumstances. The record indicates Leleaux possessed only one firearm, of the type ordinarily used for small game, and no ammunition. There is no allegation that he ever fired or brandished the weapon. On the other hand, and similar to the facts in *Caldwell*, he does *not* justify his taking the firearm to a pawn shop rather than to his sister, which, as the district court noted, is inconsistent with his claimed interest in having it remain in the family. Moreover, his pawning the firearm was, as Leleaux admits, intended "to get rid of it", which is *not* for use in sporting or collection. Furthermore, the district court noted that, although Leleaux's lengthy criminal record does not include

7

gun violence, it does evidence his violent nature, problems managing his anger, numerous domestic violence incidents, and drug abuse and alcoholism. In sum, Leleaux does not meet his burden of showing entitlement to the § 2K2.1(b)(2) offense-level reduction.

B.

Regarding Leleaux's challenge to the upward departure, such departures are reviewed for reasonableness, "which requires us to review 'the district court's decision to depart upwardly and the extent of that departure for abuse of discretion'". *United States v. Gonzalez*, 445 F.3d 815, 817 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)). The departure is not an abuse of discretion if the district court's reasons for it: advance the objectives set forth in § 3553(a)(2); and are justified by the facts of the case. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir.), *cert. denied*, 126 S. Ct. 2954 (2006).

Guidelines § 4A1.3 provides that the departure may be warranted "[i]f ... the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes". When, as here, the departure is from criminal history category VI, the court is instructed to move incrementally to the next higher offense level until it finds an appropriate Guidelines range. U.S.S.G. § 4A1.3(a)(4)(B). In determining

8

whether to depart upwardly from Category VI, the Guideline's commentary recommends the court consider the nature of the prior offenses. *Id.* cmt. n.2(B).

At Leleaux's lengthy sentencing hearing, the district court discussed with Leleaux his criminal record. In accordance with § 3553(a)(2)'s factors and § 4A1.3, the court emphasized: the criminal-history category's not reflecting Leleaux's true criminal propensity; his violent history; the need to provide him with anger management, drug and alcohol treatment, and mental health care; the number of convictions for which he received no criminal-history points; his likelihood of recidivism; and the need to protect the public by deterring further crimes. *See Zuniga-Peralta*, 442 F.3d at 347-48 (upholding 60-month departure under § 4A1.3 where district court considered defendant's lengthy criminal history and gave reasons that advanced the objectives of § 3553(a)(2)). Accordingly, the district court gave adequate justification for the upward departure.

## III.

For the foregoing reasons, the judgment is

*AFFIRMED.*