United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-11227
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TONY WADLEY, also known as La La

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-83-1

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tony Wadley appeals the 235-month sentence imposed following his guilty-plea conviction for distribution of cocaine base. Wadley argues that the district court violated his Sixth Amendment rights by imposing a sentence based on facts not admitted by him or found by a jury. Because Wadley did not raise this issue in the district court, review is limited to plain error. See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003). Wadley has not shown any

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error, plain or otherwise, as this court has held that after United States v. Booker, 543 U.S. 220 (2005), the Sixth Amendment does not prevent a sentencing judge from finding all facts relevant to sentencing, including relevant conduct under U.S.S.G. § 1B1.3. See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).

Wadley argues that the district court erred in finding that he was responsible for 2.65 grams of cocaine base sold by Kristal Simpson to an undercover officer as he was merely a passenger in the car when Simpson made the drug transaction. Wadley has not shown that the district court clearly erred in finding that he was responsible for the cocaine base. See United States v. Gonzalez, 445 F.3d 815, 817 (5th Cir. 2006). Further, any error was harmless as the exclusion of the 2.65 grams of cocaine base would not have changed Wadley's base offense level of 38. See U.S.S.G. § 2D1.1.

Wadley also argues that the district court erred in considering an incident in which Wadley was present outside of a residence when officers executed a search warrant for illegal drugs. Wadley has not shown that the district court's consideration of this information played a part in the court's determination of the appropriate sentence.

Wadley argues that the sentence is unreasonable because it was based on his own admissions made in response to assurances from government agents that "it would be best to tell the truth." Wadley's sentence was within the properly calculated guideline range and, therefore, is presumed reasonable. See Rita v. United States, ___ S. Ct. ___, 2007 WL 1772146, at *11 (U.S. June 21, 2007)(No. 06-5754); see also Alonzo, 435 F.3d at 554. Wadley has not shown that the district court miscalculated the applicable guidelines range. Wadley has not shown that the district court clearly erred in determining that there was no government inducement for him to make a statement and that the PSR's drug quantity calculation was correct because the information provided by Wadley was corroborated by two confidential informants, Wadley's coconspirators, and

an undercover officer's purchase of cocaine base from Wadley. See Gonzalez, 445 F.3d at 817. The district court adequately considered the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and Wadley's extensive criminal history. Wadley has not shown that the sentence imposed by the district court was unreasonable as it was within the applicable guideline range and was based on the § 3553(a) factors,. See United States v. Vargas-Garcia, 434 F.3d 345, 348-49 (5th Cir. 2005), cert. denied, 126 S. Ct. 1894 (2006).

AFFIRMED.