# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 05-41322
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT LEROY GIFFORD

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-115-1

Before JOLLY, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert Leroy Gifford appeals the 27-month sentence he received following his conviction on seven counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He argues that the district court erred in refusing to award him an offense-level reduction, pursuant to U.S.S.G. § 2K2.1(b)(2).

We note that Gifford has served his term of imprisonment and has been released from federal custody. Nevertheless, because he is currently serving a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three-year term of supervised release, which could be reduced on resentencing, the instant appeal is not moot. Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006).

Gifford asserts that he was entitled to the § 2K2.1(b)(2) reduction because his father lawfully collected the firearms he possessed, and his possession was simply as caretaker for his family, holding the firearms for transfer to his mother. He contends that the district court erred in concluding that he was required to show that he personally used the firearms for collection or hunting. Gifford urges that his "[m]omentary exploitation of a rifle's inherent monetary value . . . should not, ipso facto, preclude application of the provision . . . ."

Because the district court accepted that Gifford's actual possession consisted of his pawning firearms that had been collected by his father, whether Gifford was entitled to the reduction involves "application of the facts to the guidelines," which "is a question of law subject to de novo review." United States v. Leleaux, 240 Fed. App'x 666, 668 (5th Cir. 2007); see United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). The district court did not err in determining that Gifford had not demonstrated an entitlement to the § 2K2.1(b)(2) offense-level reduction. See United States v. Shell, 972 F.2d 548, 550 (5th Cir. 1992); see also Leleaux, 240 Fed. App'x at 669-70. Gifford inherited his father's firearms collection, then pawned numerous firearms over the course of several months, an act inconsistent with his stated goal of serving only as caretaker for the collection until it could be transferred to his mother. Moreover, as Gifford admitted, his pawning was done for the purpose of obtaining money, which is not for use in sporting or collection. Although Gifford's criminal past did not include firearms offenses, the PSR noted he had difficulty managing his anger and a lengthy history of substance abuse. Thus, the reduction was unwarranted. See § 2K2.1(b)(2) & comment. (n.6); see also Shell, 972 F.2d at 552; Leleaux, 240 Fed. App'x at 669-70.

AFFIRMED.