**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20588
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BENJAMIN SUTTON, III

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-512-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Benjamin Sutton, III pleaded guilty to two counts of bank robbery with a firearm (counts 1 and 2) and two counts of possession of a firearm during and in relation to a crime of violence (counts 3 and 4). The district court sentenced Sutton to 140 months of imprisonment on counts 1 and 2, to be served concurrently, 60 months of imprisonment on count 3, to be served consecutively, and 300 months of imprisonment on count 4, to be served consecutively, for a total of 500 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sutton argues that the district court erred in enhancing his offense level for each bank robbery offense by four levels pursuant to U.S.S.G. § 2B3.1(b)(4), based on Sutton's abduction of a bank security guard to facilitate each offense. He contends that there was no abduction because he merely moved the security guards within the bank and did not manifest any intent to abduct them.

Because Sutton acknowledges that, as the district court determined, a defendant need not leave a premises in order to abduct a victim and because the cases cited by Sutton do not support his contention that an intent to "abduct" or remove the security guards from the premises was required for the enhancement to apply, he has not shown that the district court reversibly erred in applying the guidelines enhancement. *See United States v. Gonzalez*, 445 F.3d 815, 817 (5th Cir. 2006); *United States v. Hawkins*, 87 F.3d 722, 726-28 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Furthermore, even if we were to determine that the district court improperly applied this guidelines enhancement, any such error is rendered harmless by the district court's determination that it would have imposed the same sentence even if the guidelines enhancement were not applicable. *See United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009).

Sutton also contends that the sentencing court made "several statements" indicating that it had impermissibly applied a presumption of reasonableness to his sentence. However, Sutton does not offer any facts in support of this assertion, and nothing in the record indicates that the district court in fact applied such a presumption. Accordingly, this argument lacks any merit.

AFFIRMED.