# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 09-30032
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKEY J COMEAUX, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:07-CR-60045-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rickey J. Comeaux, Sr., made a pornographic video tape of his foster daughter using a camera he had hidden in her bathroom. He pleaded guilty to a single count of producing child pornography. On appeal, Comeaux challenges his 240-month sentence, which is 30 months above the high end of the guidelines range. Comeaux asserts that his sentence is procedurally unreasonable because, he says, the district court failed to provide sufficient reasons to support it at the sentencing hearing. He also argues that the court's written statement of reasons

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not detail any justifications for imposing an above-guidelines sentence as 18 U.S.C. § 3553(c)(2) requires. Comeaux also argues that his sentence is unreasonably high, contending that the district court failed to take into account mitigating factors—his lack of education, his health, his assertion that he was sexually abused as a child, and his expression of remorse.

In determining whether the district court arrived at an appropriate sentence, we first decide whether the district court committed any procedural errors, including whether it failed to adequately explain the sentence and its reasons for imposing a sentence outside of the guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court's decision is procedurally sound, we then determine whether the sentence is substantively reasonable. *Id*.

After the district court imposed the sentence, defense counsel raised a general objection, which was insufficient to preserve for review arguments that the court inadequately explained the sentence and that the district court failed to comply with § 3553(c)(2); thus, we review these issues only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

An examination of the entire sentencing transcript reveals that the court did not plainly err because it sufficiently articulated its reasons for imposing the 240-month sentence. The judge asked Comeaux a series of pointed questions about his conduct and his relationship with the victim, and in response Comeaux admitted that the victim was his foster daughter, that in addition to video taping her in the bathroom he had photographed her breasts and his penis while she slept, that his son had found the video tape, and that he had pleaded guilty to a charge of battery involving the same victim. The court characterized Comeaux's behavior as "reprehensible" and reiterated several times that the Guidelines did not adequately take into account the seriousness of the offense. The court concluded that Comeaux was capable of committing the same crime again. It also explained that a longer sentence was necessary to protect the

2

public, to deter Comeaux, and to provide him with educational training and extensive psychological treatment.

Furthermore, any error in the written statement of reasons did not affect Comeaux's substantial rights. *Cf. Mondragon-Santiago*, 564 F.3d at 364-65 (defendant failed to show that failure to give reasons impeded appellate review or affected substantial rights). The remedy for an inadequate written explanation of a sentence is a remand for correction of the written judgment, not resentencing. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 349 n.3 (5th Cir. 2006). Furthermore, the district court's adequate oral articulation of the reasons for the sentence served the aims § 3553(c)(2)—to ensure that the parties understand the rationale for the sentence, to assist us in our review of the sentence, and to assist the Sentencing Commission's effort to collect sentencing data. *See id.* at 348.

It is unclear whether Comeaux's objection at sentencing preserved his substantive-reasonableness argument. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir.), *cert. denied*, 129 S. Ct. 2450 (2009). Regardless of the standard of review, however, Comeaux's argument fails. The district court's explanation was sufficient to justify a sentence 30 months greater than the top end of the guidelines range. The record reflects that the district court reviewed Comeaux's sentencing memorandum, listened to his attorney's arguments at sentencing, and consulted the § 3553(a) factors. Furthermore, the court's questions to Comeaux reflected an understanding of Comeaux's background and the nature of his offense. After explaining the reasons for the sentence, the court concluded that a within-guidelines sentence was inappropriate given "the severity of this particular crime committed by this particular defendant." The district court made the required individualized assessment and was free to conclude, as it did, that in Comeaux's case the guidelines range gave insufficient weight to some of the sentencing factors, including the nature and circumstances of the offense, the need for deterrence, and the need to protect the public.

3

*Mondragon-Santiago*, 564 F.3d at 360*; United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); *see* § 3553(a).  Furthermore, though Comeaux lists a set of factors he contends the court did not consider, he presents no convincing argument that any of these is substantial enough that it should have been weighted more heavily.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court's judgment is AFFIRMED.