# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2011

No. 10-40405
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OKERA ULIMENGU,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CR-177-8

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Okera Ulimengu appeals his 166-month sentence following his jury conviction for conspiracy to possess with intent to distribute cocaine. In a special finding, the jury determined that Ulimengu was responsible for 5 kilograms or more of cocaine. Ulimengu argues that the district court clearly erred when it determined that the drug quantity involved in the offense was greater than five kilograms and sentenced him accordingly.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40405

Ulimengu raised the substance of his guidelines argument in the district court.  Accordingly, we review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error.  *United States v. Gonzalez*, 445 F.3d 815, 817 (5th Cir. 2006).

The district court found Ulimengu responsible for five or more kilograms of cocaine based on the PSR's reliance on the jury's verdict and on coconspirator Maurice Smith's testimony and assigned him a base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4).  Ulimengu contends Maurice Smith's testimony was not credible because he was a coconspirator and because his testimony was uncorroborated.  Smith testified that he sold Ulimengu approximately 15 to 25 kilograms of cocaine to Ulimengu during his involvement in the conspiracy, and this testimony was corroborated by a Government agent.  The record establishes that the district court's finding regarding the amount of cocaine was not clearly erroneous, *see Gonzalez*, 445 F.3d at 817, and, additionally, the district court's determination regarding Smith's credibility will not be disturbed on appeal.  *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996).  Accordingly, the judgment is AFFIRMED.