**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

No. 10-50849
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALFREDO PORRAS,

Defendant-Appellant

Cons. w/No. 10-50853

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALFREDO PORRAS-MUNIZ, also known as Jose Alfredo Porras,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:09-CR-339-01

No. 10-50849
c/w No. 10-50853

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Porras appeals his jury-trial conviction, and subsequent sentence, for two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(D), and two counts of aiding and abetting, in violation of 18 U.S.C. § 2, in two separate cases, which were consolidated for trial. He was sentenced to concurrent sentences of 60 months of imprisonment on one count and 235 months of imprisonment on the other count.

Porras contends that (1) the Government failed to produce sufficient evidence in support of his convictions for possession with intent to distribute marijuana; (2) the district court erred in calculating the amount of marijuana involved; (3) the district court erred in applying an obstruction-of-justice enhancement; (4) the district court erred in applying a leadership enhancement; (5) his sentence was greater than necessary to achieve the goals of the sentencing factors; and (6) his sentence was disproportionately greater than his codefendants.

The standard of review for a sufficiency claim is "whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). To prove possession of a controlled substance with intent to distribute, the Government must establish (1) knowledge, (2) possession, and (3) intent to distribute the controlled substance. *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50849
c/w No. 10-50853

The evidence at trial showed that Porras recruited and paid his girlfriend to smuggle marijuana into the United States from Mexico. Porras also drove a codefendant to Ojinaga, Mexico, so that he could transport marijuana loads into the United States, including a 3,000-pound marijuana load that resulted in the codefendant's arrest. Porras provided the codefendant with a cell phone and acted as his scout while he was transporting loads, alerting him to the presence of law enforcement. Accordingly, the evidence was sufficient for the jury to find every element of the offenses beyond a reasonable doubt. *See Jaramillo*, 42 F.3d at 922-23. Porras's assertion that the witnesses against him were not credible is without merit because this court will not second guess a jury or substitute its own views on the credibility of the witnesses for those held by the jury. *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005).

Porras next complains that the district court erred in determining that he was responsible for 5,721.6 kilograms of marijuana. We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Gonzalez*, 445 F.3d 815, 817 (5th Cir. 2006). The district court did not clearly err in this regard.

The presentence report (PSR) provided that the total amount of marijuana consisted of 34.9 kilograms that were seized from Porras's girlfriend on the day of her arrest and an additional 34.9 kilograms from an earlier load; the amount of the earlier load was estimated based on the fact that she used the same vehicle, and was to be paid the same amount, for both loads. The total amount of marijuana also consisted of 1,412.95 kilograms that were seized from the codefendant on the day of his arrest and an additional three loads, each weighing 1,412.95 kilograms, which was estimated based on the fact that he stated that each of his three prior loads were larger than the load that was seized. Porras did not present any evidence refuting these findings. *See generally United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (noting that

the PSR bears sufficient indicia of reliability for the district court to rely upon at sentencing; defendant has the burden of showing that the PSR is inaccurate). Thus, the district court did not clearly err in holding Porras responsible for his relevant conduct with respect to the transportation of the prior loads, *see United States v. Moore*, 927 F.2d 825, 827-28 (5th Cir. 1991) (holding that evidence supporting that defendant was engaged in continuing enterprise involving the same type of drug supported counting as relevant conduct the drugs involved in earlier incidents), or in determining the total amount of marijuana for sentencing purposes.

Porras's next argument, that the court clearly erred in applying an enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, fails. The district court determined that Porras suborned his brother's false testimony that their uncle lived in the area in which Porras was arrested and that the testimony was material because it justified Porras's presence in an area that was frequently used by drug-traffickers and their scouts. The court did not clearly err in this regard, *see United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *see also* 18 U.S.C. § 1622, and the district court's factual findings were sufficient to encompass the elements of subornation of perjury. *See Dunnigan*, 507 U.S. at 95.

The district court likewise did not clearly err in applying a leadership enhancement pursuant to U.S.S.G. § 3B1.1(c). Porras recruited his girlfriend to smuggle marijuana and another codefendant to assist in the smuggling operation, and Porras paid her after she successfully transported a load. Additionally, Porras provided one codefendant's transportation to Ojinaga, provided him with a cell phone, and "took care of [him] on the road" during all drug runs. This evidence supports the district court's finding that Porras acted as a leader or organizer. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th

No. 10-50849
c/w No. 10-50853

Cir. 2005) (affirming leadership enhancement because, inter alia, defendant recruited and hired a driver to smuggle aliens).

Porras next complains that several factors, including his lack of criminal history, his military service, his post-traumatic stress disorder, his close familial ties, his history of alcohol and drug abuse, and his stable work history, supported a lesser sentence. This argument is without merit because he has not overcome the presumption that his within-guidelines sentence is reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Finally, Porras's argument that his sentence was greatly disproportionate to his codefendants' sentences is unavailing. His codefendants pleaded guilty and cooperated with law enforcement; Porras thus cannot show a sentencing disparity among similarly-situated codefendants. *See United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006).

AFFIRMED.