# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60390
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN RANDALL LUXFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CR-66-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stephen Randall Luxford was convicted of use of interstate facilities to transmit information about a minor, in violation of 18 U.S.C. § 2425, and he was sentenced to an imprisonment term of 60 months and 10 years of supervised release. After commencing his term of supervised release, the district court determined that Luxford had violated the terms of his supervised release and revoked his supervised release. The district court imposed a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of two years of imprisonment and a lifetime term of supervised release.

Luxford appeals, arguing that the district court committed error by providing insufficient reasons for the lifetime term of supervised release. He also argues that the lifetime term of supervised release is substantively unreasonable because it is greater than necessary to satisfy the statutory purposes for sentencing.

When a defendant properly preserves an objection for appeal, this court reviews "a sentence imposed on revocation of supervised release under a 'plainly unreasonable' standard, in a two-step process." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). This court generally follows the procedural and substantive considerations that are employed in the review of original sentences, but provides more deference to revocation sentences than to original sentences. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). First, the court ensures that the district court did not commit significant procedural error, such as, inter alia, "failing to adequately explain the chosen sentence." *Warren*, 720 F.3d at 326. Second, if there is no procedural error, this court considers the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.* If the sentence is unreasonable, this court "may reverse the district court only if we further determine the error was obvious under existing law." *Id.*

Luxford did not object that the district court's reasons were insufficient. Therefore, plain error review governs this argument. *See Warren*, 720 F.3d at 326-27; *United States v. Mondragon-Santiago*, 564 F.3d 357, 361-62 (5th Cir. 2009). To establish reversible plain error, Luxford bears the burden of showing error, that is plain and that affects his substantial rights. *Warren*, 720 F.3d at 326; *see Puckett v. United States*, 556 U.S. 129, 135 (2009). To affect

substantial rights, the defendant must demonstrate that the error affected the outcome of the proceedings. *Warren*, 720 F.3d at 327. This court will exercise its discretion to correct the error only "if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.*

When evaluating whether a district court has provided adequate reasons for a revocation sentence, this court refers to *Rita v. United States*, 551 U.S. 338 (2007), and this circuit's case law that applies *Rita*. *See United States v. Whitelaw*, 580 F.3d 256, 261 (5th Cir. 2009). The lifetime term of supervised release was authorized by the Guidelines. *See* U.S.S.G. §§ 7B1.3(g)(2), 5D1.2(b)(2); 18 U.S.C. §§ 2425, 3583(h), 3583(k); *United States v. Allison*, 447 F.3d 402, 406 (5th Cir. 2006). Therefore, a lengthy explanation was not required. *Rita*, 551 U.S. at 357. Moreover, where a district court imposes a guidelines-range sentence, this court infers that the district court considered the necessary sentencing factors. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Luxford's reliance upon *United States v. Fraga*, 704 F.3d 432 (5th Cir. 2013), and *United States v. Alvarado*, 691 F.3d 592 (5th Cir. 2012), is misplaced. *Fraga* and *Alvarado* involved appeals of original sentencing proceedings, not resentencings upon revocation of supervised release, as in Luxford's case. *See Fraga*, 704 F.3d at 437; *Alvarado*, 691 F.3d at 594. Additionally, in both *Fraga* and *Alvarado*, the district judge failed to provide reasons for imposing a lifetime term of supervised release and indicated that she automatically imposed a lifetime term of supervised release in sex offense cases. *See Fraga*, 704 F.3d at 441-42; *Alvarado*, 691 F.3d at 598. In contrast to *Fraga* and *Alvarado*, in Luxford's case, the district court did not indicate that it automatically imposed a lifetime term of supervised release in sex offense cases.

No. 13-60390

In the instant case, the district court conducted an evidentiary hearing prior to revoking supervised release and then, prior to sentencing, ordered the production of a forensic report for assistance with the sentencing decision. The forensic report, prepared by a psychologist, was filed in the record and presented to the parties. The record of the sentencing hearing reveals extensive consideration by the district court of Luxford's personal history and characteristics, the circumstances of his violation of the conditions of supervised release, the need for deterrence, the arguments of the parties, and the policy statements in the Guidelines. *See* 18 U.S.C. § 3583(e); *Miller,* 634 F.3d at 844. The district court therefore did not commit plain error by providing inadequate reasons for the sentence. *See Rita,* 551 U.S. at 357; *Warren*, 720 F.3d at 326; *Mares*, 402 F.3d at 519.

Luxford objected to the length of his term of supervised release and thus adequately preserved his objection to substantive reasonableness. *See Warren*, 720 F.3d at 326. The substantive reasonableness of his revocation sentence is therefore reviewed under the plainly unreasonable standard. *Id.* The imposition of a lifetime term of supervised release in sex offense cases can be reasonable. *See, e.g., United States v. Gonzalez*, 445 F.3d 815, 820 (5th Cir. 2006). Because the supervised release term is within the guidelines range, it is entitled to a rebuttable presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Luxford's conclusional arguments do not rebut the presumption of reasonableness that is afforded to his guideline-range sentence. *See id.* Accordingly, Luxford has failed to demonstrate that the sentence is plainly unreasonable. *See Warren*, 720 F.3d at 326; *Cooks*, 589 F.3d at 186.

For the foregoing reasons, the judgment of the district court is AFFIRMED.