# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2024

Lyle W. Cayce
Clerk

No. 23-50616

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory Lamar Thomas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-58-1

_____

Before Haynes, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Gregory Lamar Thomas appeals the 24-month, above-Guidelines sentence imposed after the revocation of his supervised release. He contends that his sentence is procedurally and substantively improper.

We turn first to Thomas's procedural challenge. He asserts that the district court failed to adequately explain its reasons for imposing the above-Guidelines revocation sentence. Because Thomas failed to raise this

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

objection in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Under that standard of review, Thomas "must show an error that is clear or obvious and affects his substantial rights." *Id.* at 260. If he makes that showing, we have "the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

A district court must provide "some explanation" if it imposes a revocation sentence that is outside of the Guidelines range. *Id.* at 261–62. A brief explanation can be legally sufficient when the district court's reasoning is made clear by the "context and the record." *Rita v. United States*, 551 U.S. 338, 359 (2007).

Here, during the revocation hearing, the district court adequately explained its reasons for imposing the above-Guidelines sentence. It cited specific factors under 18 U.S.C. §§ 3553(a) and 3583(c) that warranted an upward variance and noted Thomas's "repeated noncompliance with the terms of his supervision, his breach of the [c]ourt's trust, his tendency towards recidivism, [and] his almost certainty to recidivate." Although Thomas argues that the district court employed boilerplate language, the district court's reasoning was not generic in the context of the hearing as a whole, given the discussion of Thomas's prior violations of his supervised release conditions and his admitted drug problem. *See Rita*, 551 U.S. at 359. The district court's grant of Thomas's request for no supervised release after the completion of his prison term also provides relevant context for the decision to impose an above-Guidelines prison term. *See id.*

Thomas notes that the district court did not provide written reasons for the upward variance, citing 18 U.S.C. § 3553(c)(2), which requires specificity in a written order when the judge imposed a non-Guidelines sentence. But a district court's failure to include such written reasons

requires, at most, remand for correction of the error. *United States v. Zuniga-Peralta*, 442 F.3d 345, 349 n.3 (5th Cir. 2006). Thomas does not request a remand solely for that purpose, and we conclude it is not necessary because the district court's reasons for imposing a non-Guidelines sentence are apparent from its oral statements at the revocation hearing, as noted above. *See United States v. Gonzalez*, 445 F.3d 815, 819–20 (5th Cir. 2006); *United States v. McCormick*, 54 F.3d 214, 220–21 (5th Cir. 1995); *United States v. Peltier*, 505 F.3d 389, 394 (5th Cir. 2007), *abrogated on other grounds by Holguin-Hernandez v. United States*, 589 U.S. 169 (2020); *United States v. Comeaux*, 371 F. App'x 468, 470–71 (5th Cir. 2010) (per curiam).

As for Thomas's substantive challenge, which he preserved, he has failed to show that his sentence is substantively unreasonable. There is no indication in the record that the district court overlooked an important factor or gave significant weight to an improper factor, or that the imposed sentence reflects a clear error of judgment in the district court's balancing of the applicable factors. *See United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). Accordingly, we will not reweigh the sentencing factors and substitute our own judgment for that of the district court. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (per curiam).

For these reasons, we AFFIRM the judgment of the district court.