**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50936
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EVER ARTURO RODRIGUEZ-OROZCO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1732-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ever Arturo Rodriguez-Orozco (Rodriguez) appeals his 36-month sentence for illegally reentering the United States following a previous deportation in violation of 8 U.S.C. § 1326. He argues that the district court erred by sentencing him above the applicable 21-27 month guidelines range. Specifically, Rodriguez contends that the district court abused its discretion by failing to "adequately address" that Rodriguez had illegally returned to the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to be with his family and that he would no longer pose a threat of returning illegally.

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Because Rodriguez does not challenge the procedural correctness of his sentence, this court may proceed to an examination of the substantive reasonableness of the sentence, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), under an abuse-of-discretion standard. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

The Government argues, however, that because Rodriguez did not object to the reasonableness of his sentence in the district court, review should be for plain error only. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Rodriguez counters that he was not required to formally object to the reasonableness of his sentence because he sufficiently brought his position to the district court's attention. This court need not resolve this controversy because Rodriguez is not entitled to relief even if his sentence is reviewed under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008) (declining to determine standard of review under similar circumstances).

The district court imposed a non-guidelines sentence above the guidelines range. The selection of a non-guidelines sentence is within the discretion of the district court. *Gall*, 128 S. Ct. at 597. This court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court concluded that, in light of Rodriguez's repeated convictions for illegal reentry, the applicable guidelines range did "not provide a sentence sufficient to deter effectively Rodriguez from returning to the United States." This is a proper sentencing consideration. *See* § 3553(a)(2)(B). Further, the district court clearly explained its deterrence-based rationale and was not required to engage in "robotic incantations that each statutory factor has been considered." *Smith*, 440 F.3d at 707 (internal quotation marks and citation omitted). Finally, the district court's upward variance from the guidelines maximum of 27 months to a sentence of 36 months was not unreasonable. This court has upheld variances considerably greater than the increase in Rodriguez's sentence. *See Brantley*, 537 F.3d at 348-50 (variance from the guidelines maximum of 51 months to a sentence of 180 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008) (variance from the guidelines maximum of 27 months to a sentence of 60 months); *Smith*, 440 F.3d at 708-10 (same).

Rodriguez has not shown that the district court imposed an unreasonable sentence. *See Gall*, 128 S. Ct. at 596-97. Accordingly, the district court's judgment is AFFIRMED.