# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2010

No. 09-50985
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISABEL TENA-MUNOZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1653-1

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Isabel Tena-Munoz appeals his within-guidelines sentence of 70 months' imprisonment imposed following his guilty-plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. He contends his sentence, which incorporated a 16-level enhancement under advisory Sentencing Guideline § 2L1.2(b)(1)(A)(iii) based on his previous deportation after a felony firearms offense, is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He also contends the ordinary presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness for within-guidelines sentences is inapplicable because Guideline § 2L1.2 is *not* empirically based.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Tena does not claim procedural error. When, as here, the district court imposes a sentence within a properly-calculated guidelines range, we accord great deference to the sentence and apply a rebuttable presumption of reasonableness. *Gall*, 552 U.S. at 51-52; *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008).

In district court, as he concedes, Tena failed to object specifically to the reasonableness of his sentence; therefore, the standard of review could be plain-error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Our court has not yet determined whether a defendant's failure to object at sentencing to the reasonableness of his sentence triggers such review. *Id.* at 391. Nevertheless, we need not decide that issue because Tena is not entitled to relief even under the more deferential abuse-of-discretion standard. *United States v. Rodriguez-Orozco*, 332 F. App'x 968, 969 (5th Cir.), *cert. denied*, 130 S. Ct. 477 (2009).

Tena failed to rebut the presumption of reasonableness that applies to his within-guidelines sentence. The district court heard Tena's contentions and rejected the assertion that his criminal history was overstated, noting that Tena's criminal history reflected "a solid involvement in drug trafficking". Moreover, the district court considered Tena's prior imprisonment of 60 months and stated it was an inadequate deterrent. The district court made an

individualized sentencing decision in the light of the sentencing factors set forth in § 3553(a). *See Gall*, 552 U.S. at 50. Accordingly, there is *no* reason to disturb the district court's discretionary decision to impose a within-guidelines sentence.

Tena further maintains that the presumption of reasonableness is inapplicable because advisory Guideline § 2L1.2 (increasing offense level for unlawfully entering or remaining in the United States following prior convictions) is *not* empirically based. Conceding that our court's precedent forecloses this contention, he raises it in order to preserve it for possible further review. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

AFFIRMED.