**UNITED STATES of America,
Plaintiff—Appellee**

**v.**

**Andre REDMOND, Defendant—
Appellant.**

No. 09–60903
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 2010.

Susan Spears Bradley, Esq, Assistant U.S. Attorney, U.S. Attorney's Office, Oxford, MS, for Plaintiff–Appellee.

Robert Sneed Laher, Laher Law Firm, Tupelo, MS, for Defendant–Appellant.

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Andre Redmond appeals the 120–month sentence imposed following his guilty-plea conviction for conspiracy to receive and possess stolen firearms, possession of a firearm by a convicted felon, stealing a firearm, and receiving and possessing a stolen firearm. He contends: the district court erred by applying an upward departure without giving him prior notice, as required by FED.R.CRIM.P. 32(h); by failing to provide written reasons for the claimed departure; and, by applying the claimed departure based upon a prohibited factor.

Because Redmond did not raise the prior-notice issue in district court, we review only for plain error. *See United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008). Reversible plain error exists where a clear or obvious error affects defendant's substantial rights. *E.g., Unit-*

ed States v. Baker, 538 F.3d 324, 332 (5th Cir.2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 962, 173 L.Ed.2d 153 (2009); *see also Puckett v. United States,* —— U.S. ——, ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). Even then, we have discretion whether to correct such an error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker,* 538 F.3d at 332.

■ The district court imposed a non-guidelines sentence that was a result of an upward variance from the advisory-guideline-sentencing range, not, as claimed by Redmond, an upward departure. *See United States v. Mejia–Huerta,* 480 F.3d 713, 721 (5th Cir.2007). A district court is not required to provide advance notice before applying an upward variance. *Irizarry v. United States,* 553 U.S. 708, 128 S.Ct. 2198, 2202–04, 171 L.Ed.2d 28 (2008). Accordingly, the district court did not commit error by not giving Redmond notice prior to sentencing. *See id.*

■ Redmond also contends: the district court failed to provide written reasons for the claimed departure; and remand is required because the resulting sentence was too high. *See* 18 U.S.C. § 3553(c)(2). Although Redmond did not raise this issue in district court, this contention is a challenge solely to the written judgment; and Redmond did not have an opportunity to object to it. Therefore, we review for abuse of discretion. *See United States v. Warden,* 291 F.3d 363, 365 n. 1 (5th Cir. 2002).

In its written statement of reasons (SOR), the district court stated that the variance was based upon Redmond's "lengthy criminal history, the fact he was arrested on new felony charges while on

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pretrial release", and certain specified 18 U.S.C. § 3553(a) sentencing factors. The court further explained that it had considered the advisory-guideline-sentencing range, the statutory sentence ranges, and the § 3553(a) factors, and that it concluded that a sentence outside of the guidelines range better achieved the purposes of sentencing. At sentencing, the district court augmented its written reasons with an oral explanation for the sentence. By explaining in the SOR the facts and sentencing factors that were the basis for the sentence and complementing its reasons with an explanation at sentencing, the district court satisfied the requirement of § 3553(c)(2) that it provide written reasons for the sentence. *See United States v. Gonzalez,* 445 F.3d 815, 819–20 (5th Cir. 2006).

■ Finally, Redmond claims the sentence is unreasonable because it was based upon a prohibited factor: his arrest on new felony charges while free on bond pending sentencing. He maintains: consideration of that arrest was improper because it had not resulted in a conviction; and remand for resentencing is required because the district court's claimed failure to provide specific reasons for the sentence makes it impossible to determine whether the district court would have imposed the same sentence without considering the claimed impermissible factor. Because Redmond did not assert in the district court that his sentence was unreasonable or that the district court considered an impermissible factor, this issue is reviewed only for plain error. *See United States v. Peltier,* 505 F.3d 389, 391–92 (5th Cir. 2007).

At sentencing, the district court explained the facts and sentencing factors on which the sentence was based. The presentence investigation report and the indictment to which Redmond pleaded guilty showed: Redmond participated in a con-spiracy to steal firearms from a police department while he was an inmate; Redmond arranged to transfer the firearms to Chicago; Redmond had a long criminal history; and, Redmond was arrested on a new felony charge while free on bond pending sentencing.

Although we have held that prior arrests, standing alone, cannot be the sole basis for an upward departure, *see United States v. Jones,* 444 F.3d 430, 434 (5th Cir.2006), "[t]his court has not ... held that prior arrests may not be factored into a *non*-Guidelines sentence pursuant to § 3553(a)", *United States v. Lopez–Velasquez,* 526 F.3d 804, 807 (5th Cir.2008). Therefore, this sentence was not unreasonable. *See id.* at 807–08. Restated, there was no error.

AFFIRMED.