# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2021

Lyle W. Cayce
Clerk

No. 21-30125

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEANGILO DILLARD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-197-1

Before BARKSDALE, ENGELHARDT, and OLDHAM, *Circuit Judges*.
PER CURIAM:*

Deangilo Dillard pleaded guilty to possession of a firearm after felony conviction. At sentencing, his advisory guidelines range was 21 to 27 months. The district court sentenced Dillard above the advisory guidelines range to 36 months of imprisonment. On appeal, Dillard contends that the sentence imposed was substantively unreasonable and that the district court abused its

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30125

discretion by considering improper factors in imposing a variance. , Dillard argues that the prior convictions cited by the district court as support for the upward variance were either adequately accounted for by the 21-to-27-month guidelines range or properly excluded from his criminal history calculation. He also argues that the district court's reliance on his history of violence, including domestic violence convictions, was misplaced because he has no prior convictions for firearm offenses involving violence or domestic violence. Dillard further asserts that the district court placed undue emphasis on a lack of respect for law enforcement and that it failed to properly account for multiple 18 U.S.C. § 3553(a) sentencing factors. Finally, Dillard contends that his sentence was excessive, particularly as he did not attempt to deny his conduct and because a 36-month sentence would separate him from his family for an extended period.

We review Dillard's sentence under an abuse of discretion standard. *United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A sentence outside of the guidelines "unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 440 (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)). Appellate review for substantive reasonableness of a sentence is "highly deferential" to the district court. *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (citing *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010)).

The district court did not abuse its discretion here. The record reflects that the district court listened to Dillard's arguments, considered the § 3553(a) factors, and determined that an upward variance was warranted based upon Dillard's multiple convictions for firearms offenses, his prior

convictions for simple battery against women with whom he has children, his demonstrated lack of respect for law enforcement, and the need to protect the public from further crimes of Dillard. Although Dillard's criminal history was incorporated into his guidelines range, the district court did not err in basing the variance on Dillard's criminal history as "the sentencing court is free to conclude that the applicable guidelines range gives too much or too little weight to one or more factors, either as applied in a particular case or as a matter of policy." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

The district court referenced Dillard's "history of a lack of respect for law enforcement" in support of the upward variance. Dillard understands this reference to be an allusion to his failure to comply with the terms of his presentence release and the 2006 revocation of probation reflected in his criminal history. That consideration was proper under the § 3553(a) factors. *See United States v. Redmond*, 395 F. App'x 115, 117 (5th Cir. 2010) (per curiam) (considering the conduct of a defendant while free on bond pending sentencing); *Williams*, 517 F.3d at 809. Moreover, § 3553(a) provides that: "The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, *to promote respect for the law*, and to provide just punishment for the offense." 18 U.S.C. § 3353(a)(2)(A) (emphasis added). Although the court's wording is slightly different, we read these two phrases to mean the same thing in this context, because considering a lack of respect for law enforcement as a reason for an upward variance "promote[s] respect for the law."

Nor can we say that Dillard's 36-month sentence was excessive. As described above, the sentencing court articulated permissible and sensible reasons for imposing a nine-month variance in this case. Moreover, this court has upheld variances the same as and greater than Dillard's sentence. *See,*

*e.g.*, *United States v. Rodriguez-Orozco*, 332 F. App'x 968, 970 (5th Cir. 2009) (per curiam) (upholding a variance from the guidelines maximum of 27 months to a sentence of 36 months); *United States v. Herrera-Garduno*, 519 F.3d 526, 530–32 (5th Cir. 2008) (upholding a variance from the guidelines maximum of 27 months to a sentence of 60 months).

Dillard does not show that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors.  And giving the district court the requisite highly deferential review, we cannot say that Dillard's 36-month sentence was excessive.

AFFIRMED.